IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JIMMIE REED,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) CASE NO. 1:22-cv-00281 |
| **v.** | ) |
| | ) |
| **ANDRE AVILES; CUMMINS INC.;** | ) |
| **& PROGRESSIVE DIRECT** | ) |
| **INSURANCE COMPANY** | ) |
| | ) |
|     **Defendants.** | ) |

## DEFENDANTS JOINT NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Andre Aviles, Cummins Inc., and Progressive Direct Insurance Company (collectively the "Defendants") hereby remove this action from the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division.[1] For their "short and plain statement of the grounds for removal" as required by 28 U.S.C. § 1441(a), Defendants respectfully state the following:

1. Defendants are named defendants in the case styled *Jimmie Reed v. Andre Aviles, Cummins Inc., & Progressive Direct Insurance Company*, which is pending in the Circuit Court of Mobile County, Alabama, and which bears Civil Action Number 02-CV-2021-901704.

2. The plaintiff, Jimmie Reed ("Plaintiff"), filed his original Complaint on September 24, 2021. Defendant Cummins Inc. was served with process on November 29, 2021 and Defendant Aviles was served on December 18, 2021. The record does not reflect when Defendant Progressive

---

[1] Defendant Progressive Direct Insurance Company has "opted out" of the proceeding in the state court level pursuant to the provisions of *Lowe v. Nationwide Ins. Co.*, 521 So. 2d 1309 (Ala. 1988). Defendant Progressive Direct Insurance Company joins this removal to comply with the Court's requirement of all defendants consenting to the removal and is not actively participating in this case.

Direct Insurance Company was served. Defendant Progressive Direct Insurance Company answered the original Complaint on January 2, 2022. Defendant Cummins Inc. answered the original Complaint on January 27, 2022. Defendant Andre Aviles answered the original Complaint on February 25, 2022.

3. In his Complaint, Plaintiff sought a judgment for compensatory damages against the Defendants for Defendant Aviles' alleged negligence and wantonness, and Defendant Cummins Inc.'s alleged negligent and/or wanton training and entrustment, relating to a June 28, 2021 automobile accident that occurred on Highway 43 in Mobile County. *See Complaint*, attached hereto as "**Exhibit A**."

4. When Plaintiff filed his Complaint, the case was not removable because, although the parties were completely diverse, the amount in controversy was not satisfied because the Complaint did not specify the amount of the damages claimed or judgment sought. *Id*. Rather, the Complaint merely declared that Plaintiff sought a judgment for compensatory damages for his alleged physical injuries, medical expenses, loss of enjoyment of life, mental anguish, temporary and/or permanent disability, lost wages, and other things. *Id*.

5. On June 16, 2022, Plaintiff's counsel served Plaintiff's interrogatory responses providing a detailed explanation of Plaintiff's injuries and medical treatment, and also listed Plaintiff's medical expenses associated with his alleged injuries totaling $125,772.87. *See* Plaintiff's Responses to Defendant Cummins Inc.'s First Set of Interrogatories Directed to Plaintiff" attached hereto as "**Exhibit B**."

**Grounds for Removal & Basis for Federal Jurisdiction**

6. This action is removable to this Court pursuant to 28 U.S.C. § 1332, which provides federal district courts with "original jurisdiction of all civil actions where the matter in controversy

exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

7. "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Although courts have not articulated a single test for identifying "other paper," they have held that numerous types of documents qualify, such as: responses to request for admissions; settlement offers; interrogatory responses; deposition testimony; demand letters; and emails estimating damages. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 n.62 (11th Cir. 2007) (citations omitted).

I. **The parties are citizens of different states.**

    a. **Plaintiff is a citizen of Alabama.**

8. A person is deemed a "citizen" of the state in which he or she is domiciled. *See, e.g., Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.") (citations omitted).

9. Plaintiff is a resident of Alabama. *See* **Exhibit A**, at ¶ 1. Therefore, for purposes of diversity jurisdiction, Plaintiff is deemed a citizen of Alabama.

    b. **Defendants are citizens of Indiana, Ohio, and Tennessee.**

10. A corporation has dual citizenship for diversity purposes. *See* 28 U.S.C. § 1332(c). A corporation is a citizen both of the state where it was incorporated and the state where it has its primary place of business. *Smith v. Alphabet Inc.*, No. CV 16-0086-CG-C, 2017 WL 2983403, at *2 (S.D. Ala. May 18, 2017), report and recommendation adopted, No. CV 16-0086-CG-C, 2017

WL 2983016 (S.D. Ala. July 12, 2017)(quoting *Lewis v. Seneff*, 2008 WL 3200273, *2 (M.D. Fla. Aug. 5, 2008), citing 28 U.S.C. § 1332(c)(1)).

11. Defendant Cummins Inc. is a corporation formed under Indiana law, with its principal place of business located in Columbus, Indiana. *See* **Exhibit C**, Indiana Secretary of State Business Entity Search. Therefore, for purposes of diversity jurisdiction, Cummins Inc. is a citizen of Indiana.

12. Defendant Progressive Direct Insurance Company is a corporation formed under Ohio law, with its principal place of business located in Mayfield Village, Ohio. *See* **Exhibit D**, Ohio Secretary of State Business Entity Search. Therefore, for purposes of diversity jurisdiction, Progressive Direct Insurance Company is a citizen of Ohio.

13. Defendant Aviles is a resident of Tennessee. *See* **Exhibit A**, at ¶ 2. Therefore, for purposes of diversity jurisdiction, Aviles is deemed a citizen of Tennessee.

14. With regard to Fictitious Parties A-W "for the purposes of removal, the court should not consider the citizenship of fictitious defendants in assessing complete diversity." *Brown v. TranSouth Financial Corp.*, 897 F.Supp. 1398, 1401 (M.D.Ala. 1995).

**II.    The amount in controversy is satisfied.**

    **a.    Plaintiff's interrogatory responses prove the amount in controversy is satisfied.**

15. Federal courts determine the sufficiency of the amount in controversy at the time of removal. *Pretka v. Kolter City Plaza, II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).

16. In the present case, Plaintiff's Complaint does not demand a specific amount of monetary damages. *See generally* **Exhibit A**. Instead, it seeks an unspecified amount compensatory damages, as well as costs. *Id*.

17. "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *Pretka*, 608 F.3d at 752. A removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id*., at 754. Rather, the defendant need only show that "the amount in controversy more likely than not exceeds the … jurisdictional requirement." *Roe v. Michelin N.A., Inc*., 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Tapscott v. MS Dealer Serv. Corp*., 77 F.3d 1353, 1357 (11th Cir. 1996)).

18. "The court should look to the complaint to determine the amount-in-controversy, but, if the amount is unavailable from the complaint, the court can look to the notice of removal and other 'evidence relevant to the amount in controversy at the time the case was removed.'" *Pretka*, 608 F.3d at 754. To satisfy its burden, the removing defendant may provide additional evidence, such as business records, affidavits and other documentation. *Id*.

19. Additionally, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Scott v. Ford Motor Co*., 2015 U.S. Dist. LEXIS 14975 *6 (S.D. Ala. Jan. 20, 2015) (citing *Roe*, 613 F.3d at 1062).

20. In the present case, Plaintiff's interrogatory responses list his current medical expenses resulting from the subject motor vehicle accident in the amount of $125,772.87, and the amount was accompanied by medical records and documentation. The amount listed for Plaintiff's current medical bills, supporting explanation, and supporting documentation make it clear that the Plaintiff is seeking monetary damages in an amount nearly double the jurisdictional minimum. *See Ronco v. State Farm Mut. Auto. Ins. Co*., No. 3:14-cv-1238-J-JRK, 2015 WL 13567350, at *3

(M.D. Fla. April 6, 2015) (past and future medical expenses over $75,000 sufficient to support removal);

21. Considering the Plaintiff's verified interrogatory responses, this Court should find the amount in controversy is satisfied because it exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1).

### Removal Pursuant to 28 U.S.C. §§ 1441(A)-(C) And 1446(A)-(B)

22. Removal is proper pursuant to 28 U.S.C. § 1441(b), which permits removal if the Court has diversity jurisdiction under § 1332(a).

23. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because this Court is the United States District Court for the district and division within which the state court action is pending.

24. Removal is timely pursuant to 28 U.S.C. §§ 1446(b) because the case did not become removable until receipt of the Plaintiff's June 16, 2022 interrogatory responses and the Plaintiff's Complaint was silent as to the amount in controversy.

### Effectuation of Removal & Applicable Procedural Requirements

25. Pursuant to 28 U.S.C. § 1446(a), Defendants hereby attach a copy of all process, pleadings, and orders served on Defendants in the state court case, as well as copies of all documents on file in the record of the state court case that are within Defendants' possession, custody, and control. *See* **Exhibit E**.

26. Pursuant to 28 U.S.C. § 1446(d), Defendants are providing written notice of the filing of this Notice of Removal to all adverse parties.

27.     The allegations contained in this Notice of Removal were true at the time the Complaint was filed in the state court action, and said allegations remain true as of the date of filing this Notice of Removal.

28.     The undersigned counsel hereby certifies that a notice of filing removal, along with a copy of this Notice of Removal, will be filed promptly with the Circuit Court of Mobile County, Alabama.

WHEREFORE, Defendants Andre Aviles, Cummins Inc., and Progressive Direct Insurance Company hereby remove this action to the United States District Court for the Southern District of Alabama, Southern Division.

Respectfully submitted,

*/s/ Garrett Zoghby*
GARRETT ZOGHBY
ADAMS AND REESE LLP
Post Office Box 1348
Mobile, Alabama 36633
T:  (251) 433-3234
F:  (251) 438-7733
garrett.zoghby@arlaw.com
*Attorney for Defendants Cummins Inc. and Andre Aviles*

AND

*/s/ Russ Johnson*
Kenneth A. Hitson, Jr.
Russell Johnson
Holtsford Gilliland Higgins
Hitson & Howard, P.C.
Merritt Building II
6483 Van Buren Street
Daphne, Alabama 36526
(251) 447-0234
khitson@hglawpc.com
rjohnson@hglawpc.com
*Attorney for Defendant Progressive Direct Insurance Company*

## CERTIFICATE OF SERVICE

      I hereby certify that, on **July 18, 2022**, I served a copy of the foregoing pleading upon all counsel of record via U.S. mail, first class postage prepaid, and/or electronically with the Clerk of Court using the CM/ECF System.

                                            */s/ Garrett Zoghby*
                                            OF COUNSEL