DOCUMENT 2
Case 1:22-cv-00281-KD-M   Document 1-1   Filed 07/18/22   Page 1 of 5   PageID #: 9

ELECTRONICALLY FILED
9/24/2021 3:44 PM
02-CV-2021-901704.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| **JIMMIE REED** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| **ANDRE AVILES,** | ) |
| **CUMMINS, INC.,** | ) |

**& PROGRESSIVE DIRECT INSURANCE COMPANY** -- There may be other entities whose true names and identities are unknown to the Plaintiff(s) at this time, who may be legally responsible for the claim(s) set forth herein and who may be added by amendment by the Plaintiff(s) when their true names and identities are accurately ascertained by further discovery. Until that time, the Plaintiff(s) will designate these parties in accordance with ARCP 9(h). The word "entity" as used herein is intended to refer to and include any and all legal entities, including individual persons, any and all forms of partnership, any and all types of corporations and unincorporated associations. The symbol by which these parties Defendant are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one "entity". In the present action, the parties Defendant that the Plaintiff must include by descriptive characterization are as follows: Defendants A, B and C, that person who was operating the vehicle which permitted, caused or allowed a vehicle to collide with the vehicle JIMMIE REED was operating; Defendants D, E and F, that entity on whose behalf the vehicle that permitted, caused or allowed a vehicle to collide with the vehicle JIMMIE REED was operating; Defendants G, H and I, that entity who was the employer of the driver of the vehicle that permitted, caused or allowed a vehicle to collide with the vehicle JIMMIE REED was operating; Defendants J, K and L, that entity that owned the vehicle that permitted, caused or allowed a vehicle to collide with the vehicle JIMMIE REED was operating; Defendants M, N and O, that entity that controlled the operation of the vehicle to the driver of said vehicle that permitted, caused or allowed a vehicle to collide with the vehicle JIMMIE REED was operating; Defendants P, Q and R, that entity that entrusted the vehicle that permitted, caused or allowed a vehicle to collide with the vehicle JIMMIE REED was operating; Defendants S, T and U, that entity that maintained the vehicle that permitted, caused or allowed a vehicle to collide with the vehicle JIMMIE REED was operating; Defendants V and W are other UM/UIM/Med Pay carriers, all of whose names are otherwise unknown but will be added by amendment when ascertained,

  **Defendants**

## COMPLAINT

**PARTIES / JURISDICTION**

1. The Plaintiff, JIMMIE REED, is over the age of nineteen (19) years and was a resident of the state of Alabama.

2. The Defendant, ANDRE AVILES, is nineteen (19) years of age and a resident of the state of Tennessee.

3. The Defendant CUMMINS, INC., is a domestic company licensed to do business in the state of Alabama, which may be served through its registered agent.

4. The Defendant, PROGRESSIVE DIRECT INSURANCE COMPANY is a foreign company licensed to do business in the state of Alabama, which may be served through its registered agent.

5. Defendants A, B and C, is that person who was operating the vehicle that permitted, caused or allowed a vehicle to collide with the vehicle JIMMIE REED was operating.

6. Defendants D, E and F, is that entity on whose behalf the vehicle that permitted, caused or allowed a vehicle to collide with the vehicle JIMMIE REED was operating.

7. Defendants G, H and I, is the entity, who was the employer of the driver of the vehicle that permitted, caused or allowed a vehicle to collide with the vehicle JIMMIE REED was operating.

8. Defendants J, K and L, is that entity which owned the vehicle that permitted, caused or allowed a vehicle to collide with the vehicle JIMMIE REED was operating.

9. Defendants M, N and O, is that entity who controlled the operation of the vehicle that permitted, caused or allowed a vehicle to collide with the vehicle JIMMIE REED was operating.

10. Defendants P, Q and R, is that entity that entrusted the vehicle that permitted, caused or allowed a vehicle to collide with the vehicle JIMMIE REED was operating, to the driver of said vehicle.

11. Defendants S, T and U, is that entity that maintained the vehicle that permitted, caused or allowed a vehicle to collide with the vehicle JIMMIE REED was operating.

12. Defendants V and W, are any other insurers that could provide UM/UIM/Med Pay coverage for or to Plaintiff.

## SUBSTANTIVE ALLEGATIONS

13. Plaintiff reasserts the contentions of paragraphs 1-12 as if state fully herein.

14. Plaintiff avers that on or about June 28, 2021, upon a public highway, to-wit: on AL-43 near the intersection of Old Military Road in Mount Vernon, Mobile County, Alabama, the Defendant, ANDRE AVILES, negligently or wantonly permitted, allowed or caused a motor vehicle to collide with the vehicle that JIMMIE REED was operating, as Plaintiff was traveling south bound on Hwy 43 and with a green arrow, attempted to make a left hand turn onto Old Military Road, and Defendant Aviles was traveling north bound on Hwy 43 at a high rate of speed and failed to stop at a red light or yield to the right of way of the Plaintiff, who had control of the intersection, and struck Plaintiff, pushing his vehicle into a third vehicle that was stationary on Old Military Road, causing damage to all vehicles.

15. Plaintiff states that this wreck was caused by the Defendant, and if negligence is admitted, then Plaintiff is entitled to, at bare minimum, to be compensated for the medical bills incurred from USA Health University Hospital, USA Physicians, and Med-Trans Corporation.

16. Additionally, as a direct and proximate consequence of the negligence or wantonness of the Defendants, the Plaintiff, JIMMIE REED, was caused to suffer the following injuries and damages:

    (a) Plaintiff was caused to suffer physical pain and suffering;

    (b) Plaintiff was caused to suffer mental anguish and emotional distress;

    (c) Plaintiff was caused to seek medical treatment and was prevented from going about his normal activities;

  (d)  Plaintiff was likely permanently injured;

  (e)  Plaintiff is permanently scarred;

  (f)  Plaintiff was caused to suffer lost wages and loss of earning capacity;

  (g)  Plaintiff was caused to incur medical expenses to treat and attempt to cure his injuries, and

  (h)  Plaintiff was caused to be injured and damaged, all to his detriment.

17. That ANDRE AVILES was either acting as an agent, employee, borrowed servant, in the course and scope of employment, on a joint errand or mission, or some other way acting on behalf of or in connection with CUMMINS, INC., and as such, CUMMINS, INC. is likewise liable for the actions and/or inactions of ANDRE AVILES.

18. Additionally and/or alternatively, CUMMINS, INC. was negligent, grossly negligent, reckless, and/or wanton in individually and in its training, monitoring, supervising, and retention of ANDRE AVILES.

19. That ANDRE AVILES may be underinsured, which triggers UM coverage through Progressive, or any other applicable UM/UIM. That said UM/UIM carriers have not fully identified coverage, but Plaintiff claims ability to stack said benefits to extent that he can be made whole. To the extent there is additional UM/UIM, Plaintiff claims entitlement to said benefits.  To date, no UM/UIM/Med Pay carrier has made any payments and Plaintiff claims entitlement to said payments.

20. The Plaintiff avers that the negligent or wanton conduct of each of the Defendants, both named and fictitious, combined and concurred to proximately cause the Plaintiff's injuries as hereinabove alleged. To the extent Defendant Aviles was employed or in the course and scope of employment, on a joint errand or mission, or anything of the like, Plaintiff likewise avers respondeat

superior or any other legal or equitable doctrine that would hold said other parties, including Cummins, additionally liable.

WHEREFORE, Plaintiff hereby demands of the Defendants, jointly and severally, compensatory and general damages in an amount in excess of the jurisdictional requirements of this Court, said amount to be determined by a trier of fact, plus costs, including those for expert witnesses to be taxed as costs of court, and pre- and post-judgment interest.

                Respectfully submitted,

                */s/ Ryan J. Canon*
                Ryan J. Canon
                Attorney for Plaintiff

OF COUNSEL:
Morris Bart, Ltd.
63 S Royal St #902
Mobile, AL 36602
T:  228-276-0312
F:  866-851-7331
rcanon@morrisbart.com

### **PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

                */s/ Ryan J. Canon*
                OF COUNSEL

**Serve Defendants via Certified Mail:**
**ANDRE AVILES**
1116 Betty Blvd., Lebanon, TN 37087

**PROGRESSIVE DIRECT INSURANCE COMPANY**
c/o CT Corporation System
2 North Jackson St., Ste 605, Montgomery, AL 36104

**CUMMINS, INC.**
c/o Corporation Service Company, Inc.
641 S. Lawrence St., Montgomery, AL 36104