## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

JIMMIE REED,                              )
                                          )
      Plaintiff,                        )
                                          )
v.                                        )      CASE NO.: 02-cv-2021-901704
                                          )
ANDRE AVILES, CUMMINS, INC.,              )
& PROGRESSIVE DIRECT                      )
INSURANCE COMPANY,                        )
                                          )
      Defendants.                       )

### PLAINTIFF'S RESPONSES TO DEFENDANT CUMMINS INC.'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF

COMES NOW Plaintiff, Jimmie Reed, by and through undersigned counsel, and responds to the Defendant Cummins Inc. First Set of Interrogatories as follows:

### INTERROGATORIES

1.     State your full name (and any other names you have ever used), current residence address, address on the date of the MVA, date of birth, and Social Security number.

**ANSWER:** Jimmie Lee Reed, 158 Lang Road, McIntosh, AL 36553, 8/30/1950, 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

2.     Identify each employer you have had within the past ten years, and for each, state the following: your job title; your rate of pay or salary, including supplemental wages (e.g., bonuses, overtime, etc.); the number of hours worked per week and number of days worked per week; and your reason for leaving that employment as well as beginning and ending dates of employment.

**ANSWER:** I am not making a wage loss claim and thus object to relevancy.

3.     With regard to the Vehicle, provide the following information from the time of the MVA:

      (a)     The title owner of the Vehicle;

(b)     The state in which the Vehicle was registered at the time of the MVA;

(c)     The applicable motor vehicle insurance carrier at the time of the MVA;

(d)     The applicable liability insurance coverage limits at the time of the MVA;

(e)     The applicable umbrella and/or excess liability insurance coverage limits at the time of the MVA; and

(f)     Your tort status under any insurance policy (full tort or limited tort).

**ANSWER:**

4.     State whether you have had a driver's license suspended or revoked in the last ten (10) years, and if your answer is in the affirmative, state:

(a)     When, where and by whom it was suspended or revoked;

(b)     The reason(s) for such suspension or revocation;

(c)     The period of such suspension or revocation; and

(d)     Whether such suspension or revocation was lifted and if so, when.

**ANSWER:** I have not.

5.     Identify each and every witness you know of to the MVA and for each, state the address, telephone number, and the substance of knowledge of said witness.

**ANSWER:** Please see the crash report. Please see response to number nine in Plaintiff's Responses to Progressive, which is copied below:

Mount Vernon Police Dept. and Mount Vernon Fire Dept., responded to the scene. I was transported by Mobile Co. EMS to Lifeflight who transported me to USA.  My wife came to the scene as well, Lillie Reed 251-225-9311; Jessica Taylor, 251-225-9948; Shameshia Thompson, 251-554-5311.  Additionally, my daughters Lindsay Reed and Mindy Reed and my

granddaughter Kelsey Reed, friends Melvin Wisenhunt (251) 623-0798, Joseph Dennis (251) 635-2616, Daphne Reed (251) 225-0823, Laquanda English (251) 234-9924, and Oscar Reed Sr. (251) 225-0381, can testify about my before and after. Plaintiff reserves the right to supplement this response as discovery has just begun.

6.      Identify each and every witness you intend to call at the trial of this cause.

**ANSWER:** No determination has been made with regard to witnesses who may testify at trial, however, Plaintiff may call Plaintiff, Defendants, the investigating officer, any other persons listed on the crash report, any co-defendants, any person identified during the course of discovery, any of Plaintiff's medical providers and any of Plaintiff's family members or friends. Please see Response to Number Six above.

7.      State the name and address of each person whom you expect to call as an expert witness at trial and state the subject matter on which the expert is expected to testify, and for each expert, state the substance of the facts and opinions to which the expert is expected to testify and summarize the grounds for each such opinion; and set forth the qualifications of each expert, listing the schools attended, years of attendance, degrees received, and experience in any particular field of specialization or expertise.

**ANSWER:** Plaintiff objects to this request to the extent that it seeks information beyond the scope of Rule 26, specifically, non-testifying experts.  No determination has been made in regard to expert witnesses to be called to testify at this trial. Plaintiff does expect that his treating physicians will offer testimony that the injuries suffered and exacerbated in this crash were causally related to the crash and that treatment and bills were reasonable and necessary and a direct result of this crash.

8.      If you have engaged, or expect to engage, healthcare professionals and/or other expert witnesses (e.g. accident reconstructionists), whom you intend to have testify at trial on your behalf on any matter pertaining to this action, state:

(a)     The name of the expert;

(b)     The expert's professional address;

(c)     The expert's occupation;

(d)     The expert's specialty;

(e)     The expert's qualifications (e.g. Curriculum Vitae);

(f)     The topic or subject matter upon which the expert is expected to testify;

(g)     The substance of the facts to which the expert is expected to testify;

(h)     The substance of the opinion to which the expert is expected to testify; and

(i)     A summary of the grounds or foundation for each opinion the expert is expected to testify.

**ANSWER:** Please see response to No. 7.  Plaintiff reserves the right to supplement this response.

9.      State your itinerary for the 24 hours prior to and the day of the MVA, including the time and place of the beginning of the trip, the time and duration of each stop, and place of destination, and expected time of arrival for the car ride in which this incident occurred.

**ANSWER:** I was going to the hardware store at the time of the wreck to pick up a piece of pvc pipe or something similar. I did not make any stops at other locations prior to this incident occurring. I do not recall what time I left the house or what time I would have arrived at the hardware store, but I was not in a hurry or under any deadline.

10.     Give a concise statement of the facts as to how you contend the MVA took place, including the following: (a) the identity of the drivers of the vehicles involved; (b) the respective

speeds, positions, directions and locations of the vehicles involved during the approach to, at the time of, and immediately after the MVA; (c) a description of the lighting conditions and weather conditions; (d) identify and describe in detail the streets and traffic lanes; and (e) state the facts upon which you allege each Defendant was negligent and state the facts upon which you allege each Defendant were wanton.

**ANSWER:** Please see the crash report for some details.  I was traveling south on Hwy 43 and attempting to make a left turn onto Old Military Road when I was struck by the Defendant, who I believe ran the red light or failed to yield to me as I was already in the intersection. I believe that the other traffic coming in the same direction of the Defendant had stopped and the adverse was unable to stop and ran the red light. I cleared every other lane of traffic, and the Defendant caught the back end of my vehicle as I had control of the intersection.

11.     At any time after the MVA, did you have any conversation(s) with or make any statement(s) to any of the parties or witnesses, or did any of them make any statement(s) to you or in your presence? If so, state the substance of any such conversation(s) or statement(s) and identify in whose presence it/they occurred.

**ANSWER:** Plaintiff objects to this request on the grounds that same seeks information which is privileged, work product and/or generated in anticipation of litigation.  Further, Plaintiff objects to providing statements by anyone other than the Defendant as beyond the scope of Rule 26(b)(1). There are no known statements by the Defendant other than what may be included in the accident report, and what was said to his employer and their insurance company.

12.     Do you claim that any Defendant(s) violated any driving rules or laws in connection with the MVA? If so, state what rules or laws.

**ANSWER:** Please see the Complaint. Plaintiff asserts that Defendant was speeding or traveling too fast for conditions, failed to yield to the right of way, and failed to adhere to traffic control devices. Plaintiff reserves the right to supplement.

13.     Did any mechanical defect in the Vehicle in which you were riding at the time of the MVA contribute to the incident? If so, describe the nature of the defect and how it contributed to the MVA.

**ANSWER:**  None to my knowledge.

14.     Describe in detail all economic damages and/or losses you sustained as a direct result of the MVA.

**ANSWER:** Lifeflight; Mobile County EMS, PO Box 289, Semmes, AL 36575, 251-343-7131, Ryan McCoy; Amedisys Home Health, 19375 N. 3rd St. #101, Citronelle, AL 36522, multiple providers for home health, physical and occupational and speech therapy including Brandy Weaver, Jennifer Robinson, Bruce Snow, Monique Harris, Marcia Gomes, and case manager Clifton Busby; Saraland Family Practice, 119 Ennis S., Saraland, AL 36571, 251-544-2000, Dr. Mark McDaniel,  USA Health University Hospital, 2451 USA Medical Center Drive, Mobile, AL 36617, 251-471-7350, Drs. Maryann Mbaka, Annamalai Nadarajan, Grace Lagasse, and Richard Menger.  I'm sure there are other medical providers that I cannot recall. Please see medical records and bills for additional information. Plaintiff reserves the right to supplement this response.

| 7/1/21-9/24/21 | Amedisys Home Health Care | $10,734.56 |
|---|---|---|
| 6/28/21 | Mobile Co. EMS | $808.62 |
| 6/28/21 | Lifeflight | $54,977.54 |

| 7/7/21-10/19/21 | Saraland Family | $453.00 |
| 6/28/21-7/2/21 | USA Physicians | $12,293.00 |
| | USA Health Hospital | $46,506.15 |
| | **TOTAL** | **$125,772.87** |
| | **Property Damage** | **$TBD** |

15. Describe in detail all injuries, scarring and non-economic damages or losses alleged to have been sustained as a result of the MVA, including their nature, extent and duration.

**ANSWER:** Please see medical records and Plaintiff will describe in his deposition.

16. On the date of the MVA, did you have private health/medical insurance? If your answer is in the affirmative, identify the insurance carrier and your identification number, provide a copy of your insurance card, state whether the insurance carrier has made any payments to you related to the MVA, state whether bills have been denied, and if so, provide documentation of denial, and if there is lien, state the amount and attach all documentation.

**ANSWER:** I am not a Medicaid member. I have Medicare. Please see medical bills provided for any payments made and when. I believe most are still outstanding, the providers refused to bill health insurance, and a lien was filed by USA Health.   Plaintiff reserves the right to supplement this response.

17. Have you applied for, received or currently receiving any medical benefits from Medicare, Medicaid, Public Assistance and/or DHS? If yes, provide the following information:

(a) Provide a copy of your benefit identification card(s) and/or identification number;

     (b)      State whether Medicare, Medicaid, Public Assistance and/or DHS made any payments related to this alleged accident and, if so, identify each such payment;

     (c)      State whether any liens have been asserted by Medicare, Medicaid, Public Assistance and/or DHS in connection with the MVA and

     (d)      If there is lien, state the amount and attach all documentation.

**ANSWER:** Please see response to No. 16.

18.     Have you ever applied for, received and/or are you currently receiving Social Security Disability Benefits? If yes, state:

     (a)      The reason for disability;

     (b)      The identity of the physician(s) who completed the benefits application(s); and

     (c)      The dates of disability.

**ANSWER:** Yes, I previously was on disability, but am currently just on regular social security retirement. I cannot recall the full nature of my disability, but my general health was part of it. It is possible my back was included in the disability, but do not recall that being the case. I do not believe that my back was part of the issue, but am listing it just in case as I do not really remember.

19.     Have you applied for, received and/or are you currently receiving disability benefits from any other source not identified above? If yes, state:

     (a)      The reason for disability;

     (b)      The identity of the physician(s) who completed the benefits application(s); and

(c)     The dates of disability.

**ANSWER**:  It's possible that I went on short/long term disability from a job, but am not certain. That was likely more than 10 years ago. I cannot recall anything else.

20.     Have you applied for, received and/or are you currently receiving workers' compensation benefits? If yes, state:

(a)     The type of injury;

(b)     The identity of the treating physician(s);

(c)     Length of the injury;

(d)     Time lost from work as a result of the injury; and

(e)     If there is lien, state the amount and attach all documentation.

**ANSWER:** None that I can recall. I was not employed on the date of the wreck.

21.     State whether you ever made a claim against or received compensation from an insurance company or other person or entity for any injury, unemployment benefits, workers' compensation benefits, welfare benefits or social security disability benefits. If your answer is in the affirmative, state the name of the insurance company, person or entity against whom such claim was made, the approximate date of such claim, the general nature of the claim and the dollar amount of any monies received from said claim.

**ANSWER:** Plaintiff objects to this request on the grounds that same is overly broad, vague, and not properly limited in time and scope, and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to conditions not in controversy and as overly intrusive. Without waiving said objections, I cannot recall anything else. As far as I can recall, this is the only wreck in which I have ever been involved.

22.   State the name, address, and telephone number of every medical practitioner or medical facility that has treated you or examined you for any injuries (except the MVA made the basis of this lawsuit) within the last ten (10) years, and for each, state the following: the reason for treatment; the dates of treatment; and the results of treatment.

**ANSWER:** Plaintiff objects to this request on the grounds that same is overly broad, vague, and not properly limited in time and scope, and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to conditions not in controversy and as overly intrusive. Plaintiff cannot properly be expected to remember every possible medical provider in the previous 10 years, but will do his best to recall all relevant information. Without waiving said objections, my primary care provider is Dr. Mark McDaniel at Saraland Family Practice. If I need urgent care, I will go to the local urgent care or emergency room. Dr. Brian Sullivan is my eye doctor, and Dr. Greventitis is my gastroenterologist. I may have had treatment through other doctors through Springhill, Providence, or Mobile Infirmary.  I had a hernia surgery at some point in the past that I think was done at Providence. Plaintiff is possibly or even likely forgetting someone as it is difficult to remember every possible medical treatment for that long of a time, but Plaintiff will be happy to answer any questions about any relevant treatment that Plaintiff cannot recall at this time if Defendant is aware of anything and would like to refresh Plaintiff's memory about any such medical provider that Plaintiff is forgetting.

23.   State the name of each and every medical practitioner or medical facility that has treated you or examined you for any and all injuries sustained in the MVA, and for each, state the following: the address and telephone number; the dates of treatment; the treatment provided;

submit copies of any bills rendered by said medical professionals; and state the amount of any and all charges made by said professionals.

**ANSWER:** Lifeflight; Mobile County EMS, PO Box 289, Semmes, AL 36575, 251-343-7131, Ryan McCoy; Amedisys Home Health, 19375 N. 3rd St. #101, Citronelle, AL 36522, multiple providers for home health, physical and occupational and speech therapy including Brandy Weaver, Jennifer Robinson, Bruce Snow, Monique Harris, Marcia Gomes, and case manager Clifton Busby; Saraland Family Practice, 119 Ennis S., Saraland, AL 36571, 251-544-2000, Dr. Mark McDaniel,  USA Health University Hospital, 2451 USA Medical Center Drive, Mobile, AL 36617, 251-471-7350, Drs. Maryann Mbaka, Annamalai Nadarajan, Grace Lagasse, and Richard Menger.  I'm sure there are other medical providers that I cannot recall. Please see medical records and bills for additional information. Plaintiff reserves the right to supplement this response.

24.     With respect to each charge identified in Interrogatory No. 23 above, state whether any third party payor has paid the bill or any portion of it, and if so, state: (a) the name of the third party payor along with the payor's address, (b) the amount of the payment made, and (c) whether or not the payor is subrogated to the benefits herein and, if so, has the payor made such a claim.

**ANSWER:**

25.     Do you contend the MVA aggravated a pre-existing condition(s)? If so, state:

(a)     The nature and extent of such pre-existing condition;

(b)     The date upon which you believe you recovered from symptomatology of the preexisting condition(s), prior to the accident date;

(c)     The name and address of the healthcare professional(s) who treated you for the pre-existing condition(s); and

(d)     The date of and circumstances causing you to incur the pre-existing condition(s).

**ANSWER:** Some have been paid and are listed on the bills. A large amount is still owed.

26.     At the time of the MVA, did you suffer from any deformity, disease, ailment, disability or abnormality that may have affected your ability to operate a motor vehicle? If so, identify the condition and the treating physician for that condition, if any.

**ANSWER:** No, I was fully capable and able of operating a vehicle.

27.     If you have fully recovered from the injuries you allege to have sustained in the MVA, state the approximate date you fully recovered. If you have not fully recovered from your injuries, then describe any pain, ailment, complaint, injury, scarring or disability that you allege you still suffer from as a direct result of the MVA.

**ANSWER:** Plaintiff defers to the expertise of his medical providers and would point to his medical records. His neck and back are still hurting and the symptoms still goes into the arm. Client is still treating with Dr Menger. I have also been referred to a pain management doctor as well. I believe that they are going to try epidural shots, but surgery is also likely as well.

28.     State whether, as result of the MVA, you have been unable to perform any of your customary occupational duties or social or other activities in the same manner as prior to the accident, stating with particularity:

(a)     the duties and/or activities you have been unable to perform;

(b)     the periods of time you have been unable to perform; and

(c)     the names and last known addresses of all persons having knowledge thereof.

**ANSWER:** Please see medical records provided. I have a hard time lifting, bending, and moving around at all. Additionally, I now use a cane as well. It essentially affects everything I do. I can still do many things, but it is only partially, with more pain, or much slower than before.

29.     State whether you claim lost income as a result of the MVA, and if so, state the following: (a) the dates you missed from work in the past as a result of the MVA and if future time is anticipated; (b) quantify specifically both the amount of past income lost as well as anticipated future income lost; and (c) fully describe the method of computation along with all facts assumed in computation.

**ANSWER:** I am not making a wage loss claim.

30.     Was an inspection made of the alleged MVA scene or vehicle by you or by anyone on your behalf either while on the scene or subsequent to the MVA? If your answer is affirmative, provide the name of the person who conducted the inspection, address or whereabouts of said person, the telephone number of said person, and the result of said inspection.

**ANSWER:** Please see the crash report and documentation provided by Progressive.

31.     State whether you claim property damage as a result of the MVA. If so, state the following:

a.   The property damaged;

b.   The value of the property before and after being damaged;

c.   The type of damage sustained by the property;

d.   The person or entity who repaired and/or evaluated your property with regard to any alleged damages.

**ANSWER:** Yes. Plaintiff's insurance paid for a portion of it, but not full value. The insurance company would be in possession of such things.

32.     Identify all prior or subsequent motor vehicle accidents of any kind (other than this MVA) in which you have been involved, giving the dates of each such accident, the location of each accident, the injuries sustained, if any, the names and addresses of the parties involved, the names and addresses of all medical providers and medical facilities which examined and treated you for any of the injuries and the dates and nature of all such examinations or treatments.

**ANSWER:** I do not recall any other accidents in which I have been involved.

33.     State whether you consumed any alcoholic beverages, medication or drugs (legal, illegal, or otherwise) within forty-eight (48) hours prior to the MVA, the exact time and exact places where any such alcoholic beverages, medication or drugs, were obtained, taken, or consumed and the nature of the amount thereof.

**ANSWER:** I take regular medication for blood pressure, blood pressure, and potassium. I believe that is all that I would have taken on that day. I had not consumed any alcohol.

34.     State whether you have ever been charged with any crimes, and if so, give the date(s) and nature of such crimes, the sentence imposed and Courts and locations thereof.

**ANSWER:** None that I can recall. It is possible that I may have had a traffic violation, but I cannot ever remember receiving one.

35.     State if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter and if so, state whether you were Plaintiff or Defendant, the nature of the action, and the date and court in which such suit was filed.

**ANSWER:** None that I can recall.

36.     State the name(s) and phone number(s) of the mechanic or repair shop that has at any time to your knowledge worked on, maintained, or repaired Vehicle either before or after the MVA.

**ANSWER:** I cannot recall, but I would typically get the oil changed at a place in Jackson, AL.

37.     If the Vehicle has been sold since the time of the MVA, state the date of the sale, identify by name and address the person who purchased the motor vehicle and identify the sale price of the motor vehicle.

**ANSWER:** Plaintiff's vehicle was totaled and the insurance company took possession of it.

38.     Identify the telephone number and cellular provider of any and all of your personal or work cellular device(s) and state whether you were using your personal cellular device at the time of the MVA.

**ANSWER:** 251-242-5183 and Consumer Cellular.

JIMMIE REED

As to objections:

Ryan J. Canon/CAN023

## **AFFIDAVIT**

STATE OF MISSISSIPPI
COUNTY OF _Harrison_

PERSONALLY CAME and appeared before me, the undersigned authority in and for the aforesaid County and State, the within named, JIMMIE REED, who, being duly sworn by me, on his oath states that the matters and things set forth in the foregoing Answers to Interrogatories are true and correct as therein stated.

_Jimmie Reed_
JIMMIE REED

SWORN TO AND SUBSCRIBED before me, this the _3rd_ day of _June_, 2022.

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 104351
RYAN J. CANON
Commission Expires
Jan. 8, 2025
HARRISON COUNTY

_____
NOTARY PUBLIC



0000000003161164301

JIMMIE LEE REED
CLASS: D-Regular Operators License

*ENDORSEMENTS:*
*RESTRICTIONS:*

**Rev 11-01-2014**
**7381335 - 0**



## AUTHORIZATION TO RELEASE MEDICAL INFORMATION

Patient:                                 Address:

Date of Birth:                           Social Security Number:

1.  I authorize the use, disclosure and release of protected health information as described below; and,

2.  I authorize and request:
    (name of health care provider)      _____
                                         _____
                                         _____

3.  To release the following information to the requesting party: any and all medical records; medical charts, medical reports; pharmaceutical records; chart notes; clinical notes; x-rays and/or radiographic studies and reports of the same; reports of consultation; patient histories/patient questionnaires; reports and records of laboratory testing and other testing, any and all correspondence (in any format) and any other records and documents contained in my file; and for each hospital admission, Out-Patient, or Emergency Room, the entire records for each admission to include: admitting history & physical; discharge summary; reports of consultation; reports and records of laboratory testing and other testing; reports of consultation, x-rays and radiographic studies and reports of the same; itemized billing records; and other records and documents for each admission.

4.  I understand that the information in the requested health records may include information relating to Hepatitis C, sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), human immunodeficiency virus (HIV). It may also contain information about behavioral mental health services, psychiatric and/or psychological evaluation, testing and/or treatment for alcohol and drug abuse.

5.  The requested information is to be released to:

    Lathrop GPM LLP
    7701 Forsyth Boulevard, Suite 500
    Clayton, MO 63105

6.  The requested information is released for the purpose of litigation.

7.  I understand I have the right to revoke this authorization at any time. I understand if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. Unless otherwise revoked, this authorization will expire on: __12/3/22__; if no date, event or condition given then this authorization will expire in 12 months from date of execution. A photocopy of this Authorization shall be considered as effective and valid as the original.

8.  I understand that authorizing the disclosure of this health information is voluntary. I understand I may inspect or copy the information to be used or disclosed as provided in CFR 164.524. I understand any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules.

9.  I understand that treatment, payment, enrollment or eligibility for benefits may not be conditioned on whether the individual signs the authorization.

**PHOTOCOPY VALID AS ORIGINAL**

_Jimmie Reed_                            Dated: __6/3/22__

STATE OF __AL__, COUNTY OF __Mobile__, SS:

Subscribed and sworn to before me this __3rd__ day of __June__, 2022.

Notary Public _____

My Commission expires: _____

ID # 104351
RYAN J. CANON
STATE OF MISSISSIPPI
NOTARY PUBLIC
Commission Expires
Jan. 8, 2025
HARRISON COUNTY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above was served by email this _____16th_____ day of **June, 2022,** on the following counsel of record:

KENNETH A. HITSON, JR. (HIT002)
*Attorney for Progressive Direct Insurance Company*
Holtsford Gilliland Higgins
  Hitson & Howard, P.C.
  Merritt Building II
6483 Van Buren Street
Daphne, Alabama 36526
(251) 447-0234
khitson@hglawpc.com

**Garrett Zoghby**
GARRETT ZOGHBY (ZOG005) Adams and Reese LLP
11 N. Water Street, Suite 23200 Mobile, Alabama 36602
garrett.zoghby@arlaw.com
LAUREN WACKER
Lathrop GPM LLP
Pierre Laclede Center
7701 Forsyth Boulevard, Suite 500
Clayton, MO 63105
lauren.wacker@lathropgpm.com
*Attorneys for Defendants Cummins, Inc.*
*and Andre Aviles*

/s/ Ryan J. Canon
_____
Ryan J. Canon/CAN023


MORRIS BART, LTD.
63 S. Royal Street #902
Mobile, Alabama 36602
reanon@morrisbart.com

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| JIMMIE REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 02-cv-2021-901704 |
| | ) | |
| ANDRE AVILES, CUMMINS INC., | ) | |
| & PROGRESSIVE DIRECT | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSES TO DEFENDANT CUMMINS INC.'S FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF JIMMIE REED**

COMES NOW Plaintiff, Jimmie Reed, by and through undersigned counsel and responds

to the Defendant Cummins Inc.'s Requests for Production of Documents as follows:

**REQUESTS FOR PRODUCTION**

1.      All documents identified in response to Defendant's First Interrogatories.

**RESPONSE:** Please see attached documents, including the medical records and bills,

crash report, liens, and photographs. Plaintiff objects to those things, which are

irrelevant to this matter, or are incapable of being produced such as Plaintiff's daily

medication or his use of a cane. Without waiving said objection, Plaintiff is not

withholding any documents other than potentially actual attorney notes, comments, or

impressions, which are not subject to being produced.

2.      All non-privileged communications between you and any third party, not your

attorneys, relating to the allegations made in your Complaint.

**RESPONSE:** Other than what is being provided already, Plaintiff does not believe that he is in

possession of such things other than initial documents to start a case such as standard letters of

representation and standard requests for medical records and bills, which are likely included in what is already being produced.

3.    A copy of any and all statements in any form, including typed, handwritten, recorded, videotaped or otherwise given by any person, including you, which relate, refer or pertain in any way to the MVA and/or incident injuries or damages made the basis of this lawsuit.

**RESPONSE:** Plaintiff objects to this request on the grounds that same seeks information which is privileged, work product and/or generated in anticipation of litigation.  Further, Plaintiff objects to providing statements by anyone other than the Defendant as beyond the scope of Rule 26(b)(1).  There are no known statements by the Defendant other than what may be included in the accident report, and what was said to his employer and their insurance company. Counsel for Plaintiff has spoken with witnesses, but said statements were not recorded or transcribed, and notes from such would be protected as attorney work-product.

4.    Any and all documents/records obtained by you or your attorney through nonparty subpoenas or pre-suit discovery efforts.

**RESPONSE:** Please see attached documents.  Plaintiff has not issued any subpoenas.

5.    Any and all photographs or videos taken of Plaintiff, the MVA scene, automobiles, or otherwise taken in connection with the MVA, injuries and/or illnesses made the basis of Plaintiff's Complaint.

**RESPONSE:** Please see attached.

6.    All photographs, videotapes, or other records depicting the Vehicle prior to and immediately following the MVA.

**RESPONSE:** Please see attached. Plaintiff has not provided counsel with any pictures of the vehicle before the wreck, but it was in good working condition.

      7.     All photographs and/or videotapes depicting your physical condition immediately prior to the MVA.

**RESPONSE:** Plaintiff has not provided counsel with any pictures of himself before the wreck. Should Defendant further explain exactly what is sought, Plaintiff can likely produce some photos, assuming such do exist. If this requests simply seeks a family photo or such seeking to verify that Plaintiff was in normal health, Plaintiff will attempt to comply upon verification of the same.

      8.     A copy of any and all medical bills, hospital bills, ambulance bills, drug bills, doctor bills, x-ray bills of any and all kind and every other document that relates in any way to the medical expenses, damages, injury or reimbursement or payment of same either plaintiff contends resulted from the incident referred to in the complaint as well as proof of payment, status of payment or other indication of status of the bills including any and all records or outstanding, unpaid medical bills or expenses related to medical care, treatment diagnosis or treatment either Plaintiff contends was necessary as a result of the incident made the basis of your claim. Also include a copy of any and all records reflecting payments made by you or on your behalf regardless of the source for medical treatment for injuries made the basis of your claims. Any documents that relate, refer or reflect any lien in place that is related to the treatment received as a result of the MVA.

**RESPONSE:** Please see attached.

      9.     A copy of any and all medical reports, medical records, hospital records, chiropractic records, osteopathic records, faith healer records, x-ray reports, MRI reports, CT scans, reports, nurses notes, physical therapy records, summaries or any other medical information, including

copies of any radiographic material such as x-ray films, CT films, MRI films, medical reports, doctor reports and/or reports rendered by any physical, emotional or mental health care provider to Plaintiff, notes, plans for treatment, examination, discharge summaries, charts, examination notes or any other document of any type generated by any medical care provider from whom Plaintiff received treatment for the injuries referred to both in the Complaint as well as generically from 2011 until present.

**RESPONSE:** Plaintiff objects to this request on the grounds that same is overly broad, vague, and not properly limited in time and scope, and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to conditions not in controversy and as overly intrusive. Without waiving said objection, please see attached prior medicals in his possession. Plaintiff is also providing Defendant with a medical authorization form to obtain said things, which is being provided under the condition that Defendant provide Plaintiff a copy of all things received within 7 days of Defendant/counsel for Defendant receiving same. Plaintiff reserves the right to supplement this response.

10. A fully-executed copy of the medical records release enclosed herein.

**RESPONSE:** Please see attached along with the response to number nine.

11. All invoices, receipts, canceled checks, correspondence or other forms of documentation evidencing expenses incurred by Plaintiff other than health care expenses and/or lost wages allegedly sustained as a result of the MVA.

**RESPONSE:** Please see attached. Plaintiff reserves the right to supplement this response.

12. All communications with any health care providers identified in your answers to Cummins' Interrogatories.

**RESPONSE:** Plaintiff is not in possession of anything responsive to this request other than standard requests for medical records and bills. Nonetheless, Plaintiff objects to relevancy. Please see attached medicals for any potential relevant things.

13.   A copy of any and all applications for benefits, whether health insurance, government funded insurance, Social Security, disability benefits or any other benefits you have sought as a result of the MVA together with any documents reflecting the status of any such applications and payments made.

**RESPONSE:** Plaintiff is not in possession of anything responsive to this request other than what is already being produced.

14.   Any and all records of outstanding, unpaid medical or expenses related to medical treatment Plaintiff contends was necessary as a result of the incident made the basis of your claim and any medical records in your or your attorney's possession.

**RESPONSE:** Please see attached medical bills for such as well as the health insurance liens, which must be reimbursed.

15.   To the extent you are claiming any lost wages produce: any and all records, including but not limited to your W-2 forms, 1099's, tax records, tax returns, both stated and federal, deposit slips, canceled checks or written documents of whatever kind or nature which relate to wages or compensation of any type received by Plaintiff from 2000 through the present.

**RESPONSE:** Plaintiff is not making a wage loss request and thus objects to relevancy.

16.   A copy of any and all business records for Plaintiff's business and/or employer which show profit and loss and/or wages paid to Plaintiff or others as well as tax returns both state and federal.

**RESPONSE:** Please see response to No. 15.

17.      Copies of all records relating to any workers' compensation claims, any on-the-job accident, or any physical injury to Plaintiff or that Plaintiff has had in the past fifteen years for which any medical treatment was sought.

**RESPONSE:** Plaintiff objects to relevancy and is not in possession of anything responsive to this request. Plaintiff also objects to the phrase "any physical injury" as this could be so broad to include something as small as a stubbed toe. Without waiving said objections, see Plaintiff's response to interrogatory number 10. To the extent the undersigned is in possessions of any medical records pre-dating this wreck, the same are being produced.

18.      Any and all documents that support, relate, refer or pertain in any way to your allegation that as a result of any actions or omissions of the defendants, the MVA and injury as described in the Complaint did occur.

**RESPONSE:** Please see the crash report and all documents produced. As discovery is ongoing, Plaintiff will supplement if so requested.

19.      To the extent not requested elsewhere, each and every document upon which you rely in support of the allegations set forth in Plaintiff's Complaint.

**RESPONSE:**

20.      A copy of any and all graphs, charts or other documentary evidence of the scene of the MVA, such as maps, topographical maps, diagrams, reports or analysis.

**RESPONSE:** Please see the crash report and google maps street view, which Plaintiff will likely use for screenshots at any depositions and trial.

21.      A copy of any and all videos you intend to use at the trial of this matter that depict Plaintiff or family in any manner whatsoever.

**RESPONSE:** Plaintiff is not in possession of anything responsive to this request and reserves the

right to supplement this response. No determination has been made with regard to evidence or exhibits to be introduced at the trial of this case.  However, Plaintiff may offer any of Plaintiff's medical records/bills, the crash report, any photographs, or any other documents produced in discovery.  Plaintiff does not intend to use any such things at this time, other than what is being provided already. Plaintiff reserves the right to supplement this answer when and if necessary.

22.     A copy of Plaintiff's Social Security card, health and dental insurance cards, Medicaid or Medicare insurance cards, driver's license, proof of registration of the vehicle involved and proof of insurance on said vehicle.

**RESPONSE:** Please see attached driver's license, Blue Cross, Medicare card, and Progressive proof of insurance.

23.     Any and all lien letters or notices you or your attorney have received relative to the claims made the basis of this action.

**RESPONSE:** Please see attached. Plaintiff reserves the right to supplement this response.

24.     To the extent not listed herein, a copy of any and all insurance policies which inure in any way to your benefit.

**RESPONSE:** Plaintiff does not believe he is in possession of any such other things. Should Defendant be aware of something, Plaintiff will try to comply with this request.

25.     All documents reflecting or relating to any testing or inspections conducted on the Vehicle or any of its component parts following the MVA.

**RESPONSE:** Plaintiff is not in possession of anything responsive to this request.

26.     All documents relating to or reflecting the location of the Vehicle and in whose custody it has been from the date of the MVA to the present.

**RESPONSE:** Plaintiff is not in possession of said vehicle. The insurance companies likely have this information.

28. All documents and records of the social networking sites and/or accounts (e.g., Facebook, Twitter, LinkedIn, etc.) which you have used to communicate regarding matters related to the MVA.

**RESPONSE:** Plaintiff objects as to relevancy and that this is a fishing expedition more than a legitimate request for relevant information. Without waiving said objection, Plaintiff rarely if ever uses social media. Should Defendant be seeking something more specific, Plaintiff will attempt to comply with all proper and relevant requests.

28. All drawings, blueprints, photographs or recordings depicting or relating to any service, maintenance or repairs performed on the Vehicle from the date of purchase to present.

**RESPONSE:** Plaintiff is not in possession of such.

29. All purchase orders, invoices, contracts, agreements, bills of sale, certificates of title or other documents referring or relating to the purchase of the Vehicle.

**RESPONSE:** Plaintiff has not provided such to counsel. Should such be needed for relevant reasons, counsel for Plaintiff will attempt to obtain such things. However, said documents are likely in the possession of the insurance companies.

30. The title to the Vehicle.

**RESPONSE:** Plaintiff has not provided such to counsel. Should such be needed for relevant reasons, counsel for Plaintiff will attempt to obtain such things. However, said documents are likely in the possession of the insurance companies.

31. A copy of your driver's license at the time of the MVA.

**RESPONSE:** Please see attached.

32.     A copy of the insurance policy, including the declaration page and any riders, associated with the Vehicle at the time of the MVA.

**RESPONSE:** Plaintiff reserves the right to supplement this response.

33.     The curriculum vitae or resume of the persons Plaintiffs expect to call as an expert witnesses at trial.

**RESPONSE:** Plaintiff objects to this request to the extent that it seeks information beyond the scope of Rule 26, specifically, non-testifying experts.  No determination has been made in regard to expert witnesses to be called to testify at this trial. Plaintiff does expect that his treating physicians will offer testimony that the injuries suffered and exacerbated in this crash were causally related to the crash and that treatment and bills were reasonable and necessary and a direct result of this crash. Plaintiff reserves the right to supplement this response when and if necessary.

34.     All documents exchanged with any of the persons Plaintiffs expect to call as an expert witness at trial.

**RESPONSE:** Please see response to No. 33.  Plaintiff reserves the right to supplement this response.

35.     A copy of any diary, notes, calendar entries, journal or other recordation of events made by you that contains information regarding the MVA, injuries sustained in the MVA, recovery from those injuries, and any other damages alleged in this lawsuit. Note the above instruction regarding any information deemed privileged.

**RESPONSE:** Plaintiff is not in possession of anything responsive to this request.

36.     A copy of all writings, including, but not limited to, letters, facsimiles, e-mails, and text messages, by you that contain information regarding the MVA, injuries sustained in the MVA,

recovery from those injuries, and any other damages alleged in this lawsuit. Note the above

instruction regarding any information deemed privileged.

**RESPONSE:** Plaintiff is not in possession of anything discoverable regarding the same other

than what may be included in the medical records and crash report.

      37.     All documents evidencing the calculation for the damages requested, including,

but not limited to:

        a.   physical pain and suffering in the past;

        b.   physical pain and suffering in the future;

        c.   mental anguish in the past;

        d.   mental anguish in the future;

        e.   medical expenses in the past;

        f.   medical expenses in the future;

        g.   physical impairment in the past;

        h.   physical impairment in the future;

        i.   lost wages;

        j.   pre-judgment interest;

        k.   post- judgment interest;

        l.   court costs.

**RESPONSE:** Please see attached.  In addition, Plaintiff cannot itemize the damages for pain,

suffering, mental and emotional trauma. Said damages are left to the discretion of the jury. To

the extent the Defendant intends to introduce collateral source information, Plaintiff may

introduce the lien and the cost of obtaining said reimbursement. In addition, Plaintiff cannot

itemize the damages for pain, suffering, mental and emotional trauma. Said damages are left to

the discretion of the jury. Furthermore, Defendant is not entitled to attorney/client privileged information including the trial strategy of determining pain and suffering requests to the jury. However, Plaintiff would note that the pain and suffering is expected to be permanent and the mortality table may be used to quantify such as well. Plaintiff would also point to the injuries suffered as evidenced in the medical records and note that such things cause pain every day and Plaintiff uses a cane to walk as a result of the ongoing pain and problems. Plaintiff reserves the right to supplement this response.

| | | |
|---|---|---|
| 7/1/21-9/24/21 | Amedisys Home Health Care | $10,734.56 |
| 6/28/21 | Mobile Co. EMS | $808.62 |
| 6/28/21 | Lifeflight | $54,977.54 |
| 7/7/21-10/19/21 | Saraland Family | $453.00 |
| 6/28/21-7/2/21 | USA Physicians | $12,293.00 |
| | USA Health Hospital | $46,506.15 |
| | **TOTAL** | **$125,772.87** |

Respectfully submitted, this the 16th day of June, 2022.

Ryan J. Canon/CAN023

OF COUNSEL:
Morris Bart, Ltd.
63 S. Royal S., Ste 902
Mobile, AL 36602
228-276-0312T/866-851-7331F
rcanon@morrisbart.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of June, 2022, the foregoing was

electronically filed with the Clerk of this Court using the Court's electronic system,

which will send notification of such filing to the following:

> KENNETH A. HITSON, JR. (HIT002)
> *Attorney for Progressive Direct Insurance Company*
> Holtsford Gilliland Higgins Hitson & Howard, P.C.
> Merritt Building II
> 6483 Van Buren Street, Daphne, Alabama 36526
> (251) 447-0234
> khitson@hglawpc.com
>
> ***Garrett Zoghby***
>
> GARRETT ZOGHBY (ZOG005) Adams and Reese LLP
> 11 N. Water Street, Suite 23200 Mobile, Alabama 36602
> garrett.zoghby@arlaw.com
> LAUREN WACKER
> Lathrop GPM LLP
> Pierre Laclede Center
> 7701 Forsyth Boulevard, Suite 500
> Clayton, MO 63105
> lauren.wacker@lathropgpm.com
> *Attorneys for Defendants Cummins, Inc.*
> *and Andre Aviles*

Ryan J. Canon/CAN023